LEON MICHAEL Co. *v.* O'CONNELL-MYERS Co.

[76 South. 637, Division B.]

COMPROMISE AND SETTLEMENT. *Question for jury. Construction.*

Where plaintiff sold goods on defendant's order and defendant refused to pay for same, and plaintiff sued but the attorneys for both parties reached an understanding resulting in a judgment of dismissal, and the parties afterwards disagreed as to the meaning of the settlement agreemen and plaintiff brought a new action for the original amount, in such case it was a question for the jury as to what was the agreement and it was error to peremptorily instruct for the defendant, especially where defendant did not attempt to carry out the agreement for which it contended.

APPEAL from the circuit court of Lamar county.
HON. A. E. WEATHERSBY, Judge.

Suit by the Leon Michael Company against the O'Connell-Myers Company. From a judgment on peremptory instructions for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Salter & Hathorn,* for appellant.

Looking through this entire record, one is absolutely at a loss to determine upon what theory the court sustained defendant's motion to exclude plaintiff's evidence. And we submit that said action of the court is the only thing involved in this appeal. That there was a good and valid sale entered into by and between the parties hereto prior to the — day of November, 1914, the date of the dismissal

of the former suit, as shown by the record in this cause, cannot be gainsaid. To say the very least, the record discloses, *prima facie,* the fact of the sale, delivery, and receipt of the goods and the non-payment of the purchase price. The records certainly discloses a good and binding contract, and one which remained in force until discharged by some method or means recognized by law. Defendant; in the first portion of its motion takes the position that while there was originally a contract of sale, it was abrogated and set aside and for naught held by the agreement of the parties at the time of the dismissal of the suit, November 24, 1914, and in its very next breath, the concluding portion of said motion, it says as to the alleged contract or agreement "does not show that there was any meeting of minds of the parties at all." We wish here to impress upon the court the fact that appellant, in this case prior to the institution of the second suit, took the position that the supposed agreement attempted to be entered into when the first suit was dismissed in the circuit court, was unenforceable because of the lack of mutuality or failure of the minds of the interested parties to meet upon the terms of the agreement and that the original contract remained in force, and that it thereupon brought this suit upon the original contract or sale and that it took all its testimony and offered all its evidence on the trial upon this theory of the case. Appellee said in its motion that "you cannot maintain this suit upon the original contract because we made a new contract with you with reference to these very goods on November —, 1914, and that said agreement or contract extinguished your rights under it" and then it says further, "you can't maintain any action on the agreement which vacated and set aside the original contract because the former was not any contract or agreement in contemplation of law." And strange as it may appear, that is exactly what the court said in sustaining appellee's motion. The court virtually said to the appellant: "Yes, the O'Connell-Myers Company bought your goods to the amount of one hundred and eighty-nine dollars and thirty-seven cents and have

paid you only sixty-seven dollars and four cents on the purchase price, but you can't collect the balance in this suit because on November 24, 1914, you made another trade with appellee with reference to these identical goods, but you needn't go out and bring another action on that second contract and thereby seek to collect an honest debt of one hundred and thirty-three dollars and thirty-three cents, because that second contract, while sufficient to enable defendant to escape payment on the first contract, is not sufficient to give you standing in a court of justice when you try to enforce your rights thereunder." We submit that an examination of this entire record will reveal just such state of facts.

It cannot be seriously asserted nor contended that the agreement, so called, entered into by the parties on the 24th day of November, 1914, was such as to abrogate or set aside the original contract and sale. An examintion of the record shows that while the appellant understood the agreement to have been one thing, the appellee understood that the agreement was altogether different. There can be no question upon this point, and appellee does not contend that the original contract was ineffective by virtue of the new agreement, for it says in its motion as to said agreement, "does not show that there was any meeting of the minds at all." Then may we ask what annulled, vacated, or set aside the contract upon which appellant founded its present suit.

We feel that the error is so patent, glaring and flagrant as to need no citation of authorities to warrant a reversal of the cause. The principle is elementary and citation of authority is superflous, but; "To render an agreement effective as a discharge of a contract, it must have all the elements of a valid contract including consideration." 3 Elliott on Contracts, 1857. "The new agreement to discharge an existing valid contract must have all the requisites of a valid and enforceable agreement or it will not be binding." 9 Cyc. 593. "A proposition for mutual rescission of a contract assumes its validity, and the proposition being rejected, the parties stand where they did be-

fore.'' 9 Cyc. 593. ''If the new contract is invalid and
unenforceable, it does not abrogate or modify the old con-
tract.'' 3 Elliott on Contracts, page 9. ''The same is
true of a contract invalid for want of a consideration, or
where there is not the necessary mutuality.'' 3 Elliott
on Contracts, paragraph 1863.

We submit that appellee's position and contention was
that we could not maintain our suit upon the original
contract because of the substitution therefor of another
contract or agreement which is repudiated, in the same
breath, as no contract at all, and that the court sustained
defendant's motion and dismissed appellant's cause of
action upon appellee's theory of the law. We confidently
assert that the court's action is without warrant or au-
thority of law. The decisions are uniform and against
appellee. We challenge learned counsel for appellee for
the citation of a single authority, even remotely tending
to sustain its position or the action of the court in sus-
taining said motion. We earnestly and confidently assert
that the cause ought, must, and will be reversed *''per
curiam.''*

*J. T. Garriway,* for appellee.

The statement of the case by the appellant leading up
to and including the first transaction is substantially cor-
rect, and the only thing we desire to do is to invite the
court's attention to a careful reading of the evidence
upon which the appellant sought to obtain a judgment in
the lower court, which reveals the fact that the former
suit had been adjudicated and put up to an end, and that
this suit arose out of a verbal agreement that the appel-
lant is here trying to recover, and the record is clear that
there never was the meeting of the minds of the litigants,
that would warrant the appellant in suing on a breach of
verbal contract, as they are trying in this case; this be-
ing true there is not the slightest evidence to let this case
go to the jury, and there was nothing else for the lower

court to have done other than what it did in sustaining the motion.

When the former controversy in the circuit court was settled that put an end to that suit, and was *res adjudicata* as to all matters that could have and should have been adjusted, and which were passed upon, and the appellant seems to realize this fact, and they dropped the matter and came back and started their case in the justice court on a breach of a verbal contract, and the burden was on them to establish this fact, and this we submit, they utterly failed.

We submit, that the only question for the consideration of this court is whether or not there was a contract established by the appellant, that would warrant a recovery, for we take it for granted that if they ever recovered, they must do so on the strength of establishing evidence to show such a contract and this we submit has not been done, and without further argument, we submit that this case will be affirmed *per curiam.*

Etheridge, J., delivered the opinion of the court.

Leon Michael Company, through their agent, sold the O'Connell-Myers Company a bill of lace and embroidery, and on receipt of the order sent the O'Connell-Myers Company an acknowledgment of the receipt thereof, with a statement of the approximated amount of the order, which amounted, according to estimate, to one hundred and ninety-one dollars, but on invoice amounted to one hundred and eighty-nine dollars and thirty-seven cents. Afterwards the goods were shipped to O'Connell-Myers Company at Sumrall, Miss., who took the goods and found that there was quite a large quantity of the lace, and wrote the Leon Michael Company that there was more lace than they anticipated and more than they could handle within a reasonable time, and that they would not accept the goods. To this notice the Leon Michael Company replied that they had looked up the original order and found that every item was shipped as ordered, and

that they would not cancel the order. The O'Connell-Myers Company refused to pay, and shipped the portion of the goods back to the Leon Michael Company, who declined to receive such shipment and who brought suit upon the original order. This suit was appealed to the circuit court, and there an understanding was reached by the attorneys of Leon Michael Company and a member of the O'Connell-Myers Company, and a judgment of dismissal, equivalent to a nonsuit, was taken.

The attorneys for the appellant notified the appellant of the settlement, and that by the terms of the settlement the appellee was to pay sixty-seven dollars on account, and was to be allowed until the following May to dispose of the remainder. The goods were thereupon returned to O'Connell-Myers Company, who wrote the Michael Company that their understanding was they were to have until May to settle for the goods, and that all goods remaining unsold at that time would be returned at invoice price. Michael Company refused to accede to this arrangement, and O'Connell-Myers Company refused to receive the goods, but returned them, and the Leon Michael Company refused to receive them, and after the date in May passed instituted this suit.

A member of the O'Connell-Myers Company, as a defense to this suit, made affidavit that said O'Connell-Myers Company is in no manner or form liable to plaintiff for said amount, or any part thereof. This case also reached the circuit court, the suit being on the original invoice price, less the credit of sixty-seven dollars, and upon the hearing the foregoing facts appeared in evidence, the appellant alone introducing evidence in said trial, and said facts appearing in its testimony. Thereupon, on motion of appellee, the circuit judge granted a peremptory instruction to find for the appellee. We are advised that this ruling was made on the theory that the original contract was superseded by a new agreement, and that there was, in legal effect, no new agreement, because the minds of the parties did not meet in the second contract. We think the learned court below was in error.

There was a dispute as to what the new agreement was, but there is no dispute that the parties did not agree on one theory or the other, and it was a question for the jury to decide which contention was the real agreement. In any view of the case, the appellee did not undertake to carry out the agreement, according to their contention, and we think the peremptory instruction was error.

*Reversed and remanded.*